EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-00990-RBJ

RHONDA NESBITT, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FCNH, INC., VIRGINIA MASSAGE THERAPY, INC., MID-ATLANTIC MASSAGE THERAPY, INC., STEINER EDUCATION GROUP, INC., STEINER LEISURE LTD., SEG CORT LLC, doing business as the "Steiner Education Group,"

Defendants.

---

# AFFIDAVIT OF RHONDA LYNNAE NESBITT

---

CITY AND COUNTY OF DENVER)
) s.s.
STATE OF COLORADO )

I, RHONDA LYNNAE NESBITT, being over the age of 18, having been duly sworn, state and declare as follows according to my best knowledge, information and belief:

1. I am the named Plaintiff in this case. I was a student at the Denver School of Massage Therapy from 2011 to 2012.

2. As a student I received education in how to become a massage therapist. The program included 115.5 hours of clinical internship.

3. As a student I was required by the school to perform massages on paying customers during weekend "clinics" set up by the school. Clients paid money or other consideration to SEG for these services. I received no pay for giving the massages. During the clinics I was prohibited from giving free massages. SEG charged $25.00 (or a certificate amounting to $25) per massage and the students were required to perform 4-5 massages per clinic shift. Each week that amounted to $100 to $125 worth of income for SEG per student.

4. At the clinics, I did not receive any instruction, training, or meaningful monitoring before, during, or after the massages on paying customers.

5. I was not paid for providing massages to paying customers.

6. The contract that I signed when I entered the program apparently included an arbitration clause requiring that I arbitrate any issues that arose between me as a student and the school, and that I agree not to be part of a class action, but I do not remember seeing that when I examined the enrollment agreement or before I signed the document.

7. When I enrolled in the school I spoke with Sean Bellardo who presented me with the enrollment contract. I was not given the chance to review the contract until I went through the enrollment process.

8. When I enrolled Mr. Bellardo, who explained the enrollment process, did not point out or explain the arbitration clause contained in the contract. The arbitration clause did not have a separate place from the signature line at the end of the enrollment contract for me to initial or sign. I have looked back on the contract now, and other clauses in the enrollment contract did have places that I had to initial, such as a place I had to initial to give permission for the school to use my photo for promotional purposes.

9. I did not believe that I could change or negotiate any provisions of the contract.

10. I had to complete and sign all the spaces in the entire enrollment agreement before I could go forward with any other arrangements with the school, including meeting with financial aid advisers.

11. I cannot afford the costs of arbitration. I now see that the arbitration clause states that each party shall bear the expense of its own counsel, experts, witnesses, and preparation of proofs. The arbitration clause says that "Arbitration shall be conducted in accordance with the Commercial Rules of the American Arbitration Association." I was never given a copy of those rules and until shown those rules recently I had no idea of what was in them. Only now do I understand that under the Commercial Arbitration Rules certain fees are payable in full by the filing party. I now understand that the initial and final filing fee amounts to approximately $1,000.00, and that I will also have to pay for the arbitrator's hourly rate. I understand that my costs and expenses of arbitration will be in the thousands of dollars, and that under those rules, I have to be prepared to pay all of my own costs and not be awarded my attorneys' fees, even if I am successful.

12. Several attorneys have entered their appearances for the plaintiffs in my case and while I am not sure of the regular hourly fee of all of the attorneys, I understand that each charges in the hundreds of dollars per hour. I understand that the estimated attorneys' fees and costs in this case, are likely to go well into the tens of thousands of dollars, if not higher.

13. I am currently employed as a massage therapist.

14. I am paid by commission and tips. My monthly average pay is $2,200.

15. My living expenses are, to the best of my information, as follows:

    a. Rent: $650 per month
    b. Car payment: $241 per month
    c. Cell phone: $52.25 per month
    d. Comcast: $38.60 per month
    e. Dish Network: $49 per month
    f. Car insurance: $75 per month
    g. Gas and other car expenses: $170 per month
    h. Credit card payments: $300 per month on three credit cards
    i. Public Service Utilities: $35 per month
    j. Food and Household expenses: $400 per month
    k. Clothing: $25 per month

16. Other debt:
    a. medical bills: I owe $700
    b. business liability insurance: $291 annually
    c. business license renewal: $250 annually

17. After paying my monthly bills I am left with $164.15 to make payments on my medical bills and save for my annual business fees. I have a grown son who I frequently try to help with his expenses. My son and his 11 year old daughter are currently homeless, and I help them as much as I can.

18. I cannot afford the attorney's fees, costs or expenses for arbitration.

19. While I do not have a complete copy of my entire enrollment agreement, to my best information and belief, what is attached to this Affidavit as Attachment 1-A is the identical type-written agreement that I fully filled out, initialed, and signed at the time of my enrollment.

I affirm under the penalty of perjury that all statements herein are true and accurate to the best of my knowledge, information and belief.

____________________________
Rhonda Lynnae Nesbitt

Subscribed and sworn to before me this 8 day of July, 2014 by Rhonda Lynnae Nesbitt

WITNESS MY HAND AND OFFICIAL SEAL

My Commission Expires: July 3, 2017

Jessica Flack
Notary Public

JESSICA FLACK
Notary Public
State of Colorado
Notary ID 20134041925
My Commission Expires Jul 3, 2017