IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00990-RBJ

RHONDA NESBITT, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

FCNH, INC.,
VIRGINIA MASSAGE THERAPY, INC.,
MID-ATLANTIC MASSAGE THERAPY, INC.,
STEINER EDUCATION GROUP, INC.,
STEINER LEISURE LTD.,
SEG CORT LLC, d/b/a as the "Steiner Education Group",

    Defendants.

---

## ORDER

---

This action was filed by Rhonda Nesbitt as a purported collective and class action on behalf of herself and other students of massage therapy schools run by the defendants. ECF No. 46-1 (Amended Complaint). Plaintiff asserts that the schools failed to compensate their students for massage services they performed on paying clients as part of their school curriculum, thereby violating the Fair Labor Standards Act and various state laws.

The case has a long history, in part due to an interlocutory appeal of the Court's denial of defendants' motion to compel arbitration of plaintiff's claims. Ultimately, however, the Court granted defendants' motion for summary judgment which sought dismissal of plaintiff's FLSA claims. ECF No. 91. That left only plaintiff's state law claims, and the Court ordered the parties to show cause why it should not dismiss the remainder of plaintiff's action for lack of subject matter jurisdiction. *Id.* at 18.

In response the defendants insisted that the Court continues to have original jurisdiction over the state law claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). ECF No. 92 at 2-4.  Defendants proposed that the Court permit briefing on (1) which states apply the same test as the FLSA test applied by the Court in dismissing the FLSA claims, and (2) the state law claims of other states.  That briefing, defendants suggested, should lead to summary judgment of dismissal of state claims in the first category and dismissal for lack of standing of state claims in the second category.  *Id.* at 4-5.

Plaintiff agreed that the Court has continuing jurisdiction.  ECF No. 93 at 2.  However, plaintiff labeled the defendants' proposal for the further exercise of that jurisdiction as unnecessary and wasteful.  ECF No. 93 at 1.  Her preferred approach would be for this Court to certify an interlocutory appeal to the Tenth Circuit of the FLSA issue.  *Id.* at 2-5.  Defendants in turn opposed that procedure.  ECF No. 96.

The issue took a bit of a different turn when the plaintiff filed a further response to the defendant's proposed course of action, now informing the Court that the other putative class members who had filed consents, many of whom were not from Colorado, had consented to be plaintiffs only with respect to the FLSA claims.  ECF No. 97 at 1.  Thus, said plaintiff, the Court does not, after all, have subject matter jurisdiction to address any but the Colorado claim.  *Id.* at 2.  Plaintiff suggests that, in the circumstances, the Court could (and should) dismiss the Colorado claim without prejudice, enter a final, appealable judgment on the FLSA claim, "and let the parties proceed as they may thereafter."  ECF No. 97.  Alternatively, the Court could certify the state law claims to the Colorado Supreme Court because, plaintiff believes, it presents a unique issue under Colorado law.  *Id.* at 2-5.

"Not so fast," replied the defendants. ECF No. 100. They pointed out that the consent forms for most of the consenting plaintiffs stated that "By my signature below I hereby give my consent to join this lawsuit as a plaintiff under the Fair Labor Standards Act **and all other state or federal wage and hour claims**. *Id.* at 2 (emphasis in original).[1]

I then asked for clarification from the plaintiff, specifically, "With respect to the opt in plaintiffs other than Matsumoto, Williams and Kenyon, please explain your statement that they are only asserting FLSA claims in light of the wording of their consents which state that they are consenting to join as plaintiffs 'under the Fair Labor Standards Act *and all other state or federal wage and hour claims.*'" ECF No. 101 at 2, ¶3 (emphasis in original). I also asked plaintiff to clarify whether her state law claim was asserted solely as an individual claim and not on behalf of a putative collection of class. *Id.* at ¶4.

In response plaintiff explained that the consents were solely opt-in claims under the FLSA. ECF No. 104 at 2, ¶3. Plaintiff added that while the same individuals might pursue claims under their various state laws if a motion to certify a class action under Fed. R. Civ. P. 23 were made and granted, no such motion has been made, and none of the individuals has agreed to serve as "(sub)class representatives for Rule 23 class claims for the states in which they went to school." *Id.* I interpret this "clarification" as confirming that, despite their ambiguous wording, the individuals who filed consents did so only with respect to plaintiff's FLSA claim. That in turn confirms that the only state law presently pending is Ms. Nesbitt's claim under

---

[1] Eighteen individuals have filed consents. The consents of Matsumoto, Williams and Kenyon said, "[name] by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b)." ECF Nos. 5-2, 5-3 and 5-4. However, the other 15 consents (Kramer, Wallis, Dern, Kretsch, Camacho, Chicaiza, Beaver, Stinnett, C. Sheridan, S. Sheridan, Brown, Lancaster, Pauline, Congram, and Jones) state, "By my signature below I hereby give my consent to join this lawsuit as a plaintiff under the Fair Labor Standards Act and all other state or federal wage and hour claims, recognizing the named plaintiff(s) and Plaintiff's counsel of record as my legal representatives in this action." *See* ECF Nos. 49-1-49-4, 49-7; 57-1; 60-1; 76- 1, 76-2; 87-1.

Colorado law.  Plaintiff further clarifies that she hoped to serve as a FLSA collective action representative and as a representative for state Rule 23 claims under Colorado state law, and that she has not attempted to serve, and cannot serve, as a representative plaintiff for any class action claims in states other than Colorado.  *Id.* at 2-3, ¶4.

Thus, all that remains undecided after this Court's dismissal of the FLSA claims is plaintiff Nesbitt's claim that defendants conduct also violated Colorado state law.  In her Amended Complaint she cited Colorado's minimum wage statute, C.R.S. § 8-6-101, *et seq.;* minimum wage orders issued thereunder; and Article XVIII, § 15 of the Colorado Constitution.  ECF No. 46-1 at 18, ¶69(b).  She also cited C.R.S. § 8-4-103, 109 and 110.  *Id.* at 20, ¶74(b) and 22, ¶79(b).

Defendants claim that plaintiff's Colorado state law claims fail for the same reasons that her FLSA claim failed.  ECF No. 92 at 4.  That appears to have been Magistrate Judge Hegarty's view in *Ortega.*  2015 WL 4576976 at *17 ("Because the Court concludes that Plaintiff cannot as a matter of law be considered an employee under the FLSA – or under Colorado law – the Court will not address further this line of reasoning by the Plaintiff.  In short, as the Court holds that the FLSA claim is not actionable, the State claims fail as well.").  Plaintiff suggests that the facts of *Ortega* were different.  ECF No. 93 at 1-2.  Of course they were, but that begs the question of whether there is a significant distinction in the applicable Colorado laws that dictates a different outcome than did the FLSA.

As I have said, I am not willing to certify the state law issue to the Colorado Supreme Court, particularly where no one has explained how state law differs from federal law in a material way.  Nor am I willing to certify the FLSA issue for interlocutory appeal.  This, among other things, would mean representing to the Circuit that there is a substantial ground for

difference of opinion on the merits of the FLSA issue – a representation that I frankly cannot in good conscious make.

Plaintiff's alternative suggestion that the Court dismiss the state claim without prejudice and enter final judgment on the dismissal under the FLSA sounds simple enough, but it too has drawbacks. The "general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court." *Jackson v. Volvo Trucks North America, Inc.,* 462 F.3d 1234, 1238 (10th Cir. 2006). There is an exception if the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court. *Id.* But that circles back to the suggestion that there continues to be federal jurisdiction with respect to plaintiff's state claims.

Accordingly, plaintiff should either agree that this Court's (and the Tenth Circuit's) resolution of the FLSA claims will determine her Colorado state law claims, in which case the Court will dismiss those claims with prejudice, and the parties will be on their way to the Circuit. Or, plaintiff may submit a brief, not to exceed 10 pages, explaining how Colorado law is distinct in a material way that makes a difference. Given the age of the case, the Court requests that she provide the Court and the defendants with her position, and a brief if applicable, no later than February 13, 2017. If applicable, defendants may file a response brief, not to exceed 10 pages, by February 27, 2017. At that point the issue will stand submitted.

DATED this 31st day of January, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge