IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00990-RBJ

RHONDA NESBITT, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

FCNH, INC.,
VIRGINIA MASSAGE THERAPY, INC.,
MID-ATLANTIC MASSAGE THERAPY, INC.,
STEINER EDUCATION GROUP, INC.,
STEINER LEISURE LTD.,
SEG CORT LLC, d/b/a as the "Steiner Education Group",

    Defendants.

## Order re Costs

On March 2, 2017 the Court entered its final judgment dismissing all claims asserted by the plaintiffs in this case with prejudice. As the prevailing parties, defendants were awarded their reasonable costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(2) and D.C.COLO.LCivR 54.1. ECF No. 107.

On March 16, 2017 defendants filed their Bill of Costs seeking an award of $5,982.04. ECF No. 113. An amended Bill of Costs was filed on April 19, 2017 decreasing the amount requested to $5,757.86. ECF No. 117. On April 26, 2017 the Clerk taxed costs in favor of the defendants in the amount of $4,873.31. ECF No. 119. On May 1, 2017 plaintiff filed the pending "Motion for Review of and Relief From Taxation of Costs." ECF No. 120. It became ripe for review upon the filing of plaintiff's reply on June 1, 2017. ECF No. 122. Meanwhile the case has been appealed and is pending in the Tenth Circuit.

The Clerk disallowed every item in defendants' amended bill of costs except costs incident to the taking of depositions. *See* ECF No. 119 at 2. These were the reporter's charges for 14 transcripts, including the deposition of Ms. Nesbitt and at least five of the opt-in plaintiffs. *Id.* Plaintiffs do not contend that the costs were not incurred, or that they were unreasonable in amount. Rather, plaintiff argues that she is indigent and unable to afford the costs, and that the issues addressed in the case were close and difficult. ECF No. 120 at 4-6.

"Rule 54 creases a presumption that the district court will award costs to the prevailing party." *Cantrell v. International Brotherhood of Electrical Workers, AFL-CIO, Local 20121,* 69 F.3d 456, 459 (10th Cir. 1995). This Court must provide a valid reason for not awarding costs to a prevailing party. *Id.* However, indigency is a factor that the court can consider. *Id.* (citing *Burroughs v. Hills,* 741 F.2d 1525, 1542 (7th Cir. 1984, *cert. denied sub nom Burroughs v. Pierce,* 471 U.S. 1099 (1985)). Another factor is whether the issues are close and difficult. *Id.* (citing *White & White, Inc. v. American Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986)).

Defendants do not dispute Ms. Nesbitt's claim of indigency. I also find that the issues in in the case are close and difficult. How do rules forged in cases involving interns or trainees in a business translate to the educational environment? Where does one draw the line between necessary clinical education and unpaid work that benefits the facility with no significant additional benefit to the student? My decision in this case was by no means easy or obvious.

The issue posed by the pending motion is also close and difficult. Individuals who launch a class action lawsuit should know that the suit will cause the defendants to incur significant costs. Here, the amount of costs is not huge in the abstract, but it is huge to an indigent person. Does such a person who agrees to serve as the named plaintiff in a commercial class action actually appreciate the potential liability she faces? I suspect that it might be

difficult to find a willing plaintiff if the potential for disaster were fully understood. And, if a willing plaintiff could not be found in such circumstances, then a case like this one on behalf of a group of newly-minted massage therapists would never get off the ground. In my view, the issues raised in this case deserved to be heard. Moreover, while not a factor as such, the huge disparity in economic circumstances between Ms. Nesbitt and the defendants assures me that exercising discretion in favor of a waiver of costs in this specific case would not work an economic hardship on the defendants.

Having reflected on these issues, my judgment in this particular case is that the costs should be waived.

## ORDER

Accordingly, plaintiff's motion for review of and relief from taxation of costs is GRANTED. The Clerk's taxation of costs is vacated. An Amended Final Judgment will issue reflecting that each party will bear her or its own costs.

DATED this 17th day of October, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge